UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:11-CR-0028-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| JEFFERY STEVEN PRATT, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition ("R&R") [R. 64] filed in the Record by United States Magistrate Judge Hanly A. Ingram on January 3, 2017. The Magistrate's Recommended Disposition was requested following the revocation of Jeffery Pratt's supervised release and the issuance of a warrant by this Court. [R. 58.] Initially, a judgment was entered against Mr. Pratt in January 2012. [R. 47.] Defendant Pratt was sentenced to fifty-seven (57) months of imprisonment and three years of supervised release for possession with intent to distribute oxycodone. [R. 64 at 1.] Defendant Pratt began his term of supervised release on February 20, 2015. [*Id.*] Mr. Pratt's supervised release was revoked following a violation of his supervised release conditions due to a urine sample testing positive for marijuana. [R. 64 at 1.] Defendant violated two conditions of his supervised release by using and possessing a controlled substance and committing another federal, state, or local crime. [*Id.*]

On December 12, 2016, Judge Ingram conducted an initial hearing that resulted in the Defendant's interim detention after the Defendant was not able to "carry the heavy release

burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). [R. 64 at 2.] At the December 22, 2016, final hearing, Defendant "competently entered a knowing, voluntary, and intelligent stipulation to Violations #1 and #2" where he "admitted the factual basis for the violations." [*Id.*] The United States requested ten months imprisonment followed by two years of supervised release but defense counsel requested eight months imprisonment with drug treatment and one year of supervised release. [*Id.*]

On February 6, 2017, Judge Ingram conducted an initial hearing that resulted in the Defendant's interim detention, to which the Defense did not object. [R. 803 at 2.] At the February 16, 2017, final hearing Defendant "competently entered a knowing, voluntary, and intelligent stipulation to both violations." [*Id.* at 2.] The Magistrate Judge considered the § 3553 factors using the § 3583(e) analysis and found that the guidelines range for the Defendant's supervised release violations is twelve (12) to eighteen (18) months incarceration. [*Id.* at 3.] The United States requested seven months imprisonment plus "re-imposition of the remainder of Defendant's original three-year term of supervised release, which is set to expire on February 4, 2019." [*Id.* at 4.]

Upon evaluation of the entire record, the Report, the § 3553 factors imported into the section 3583(e) analysis, the Guidelines range, accompanying documents, and the sentencing materials, Magistrate Judge Ingram issued an R&R recommending revocation with a term of imprisonment of nine (9) months and a term of supervised release to expire two years from the date of release under conditions previously imposed. [R. 64 at 7.] Further, the Magistrate Judge Recommended that, upon release, "Defendant be evaluated for suitable drug abuse and mental health treatment." [*Id.*]

This Court and the Magistrate must consider the Defendant's history and characteristics,

and the need to deter criminal conduct and protect the public when imposing a sentence.  The Magistrate Judge found that, at a maximum, the Defendant could be incarcerated for twenty-four (24) months upon revocation pursuant to 18 U.S.C. § 3583(e)(3) but that the guidelines range for incarceration is 8-14 months.  [R. 64 at 3.]  This Court agrees with the Government's contention that the Defendant's "repeated drug use . . . increases the risk that he will fall back into drug trafficking."  [R. 64 at 4.]  Defense Counsel described the Defendant's tragic past as a mitigating factor and suggested that the Defendant needs drug treatment programs and intense supervision to "help keep him accountable."  [*Id.*]

Congress requires that the Court revoke supervised release for the Defendant in this situation due to his possession of a controlled substance.  [R. 64 at 4 referencing 18 U.S.C. § 3583(g)(1) and *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000).]  The "primary wrong in the supervised release context is the violation of the Court's trust by an offender."  [R. 64 at 5.]  Defendant Pratt was previously involved in a "large-scale conspiracy to distribute oxycodone."  [*Id.*]  His actions have harmed the community and public at large.  The Defendant's choice to continue using drugs suggests that his illegal behavior may continue and that the public may continue to be at risk.  Even in light of the seriousness of a drug crime, the Magistrate Judge did find that the Defendant's personal history was mitigating because the Defendant used drugs as a coping mechanism for overcoming a tragic past.  [R. 64 at 5.]

While incarcerated the Defendant completed the RDAP Program, but this Court agrees with the Magistrate's finding that "he needs further treatment and an extensive mental health assessment" to help treat his serious drug problem.  [*Id.*]  This Court echoes the challenge issued by the Magistrate Judge who stated, "it is time for [Mr. Pratt] to make better choices and cope with his stressors through more positive means."  Ultimately, the Magistrate Judge concluded

3

that a nine month sentence would be a sufficient penalty that meets the section 3553(a) factors that were incorporated into the 18 U.S.C. § 3583(e) analysis. [R. 64 at 6.]

The R&R concludes by directing the parties to 28 U.S.C. § 636(b)(1) that requires any objections to be filed within fourteen (14) days of service. [*Id.* at 7.] On January 23, 2017, Counsel for Defendant Jeffrey Pratt filed a Waiver of Allocution. [R. 65.] The Defendant is aware of his rights, was assisted by Counsel, and has chosen not to file an objection to the Magistrate Judge's Recommended Disposition. [*Id.*]

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's recommended disposition are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, received the Defendant's waiver of allocution, and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.  The Magistrate's Recommended Disposition [**R. 64**] as to Jeffery Steven Pratt is **ADOPTED** as and for the Opinion of the Court; and

2.  The Defendant, Jeffery Steven Pratt, is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the United States Probation Office and the Recommended Disposition of the Magistrate Judge; and

4

      3.      Mr. Pratt's Supervised Release is **REVOKED**; and

      4.      Mr. Pratt is hereby sentenced to a term of incarceration for **nine (9) months** to be followed by supervised release to expire two years from the date of release under the conditions previously imposed; and

      5.      Upon release, Defendant Pratt shall be evaluated for suitable drug abuse and mental health treatment; and

      6.      The Court encourages the B.O.P. to designate the Defendant to a federal correctional facility closest to his home to which he qualifies.

This the 23rd day of March, 2017.

Gregory F. Van Tatenhove
United States District Judge