UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:11-CR-28-GFVT-HAI-1 |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| JEFFERY STEVEN PRATT, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

The Court, on referral, considers reported supervised release violations by Defendant Jeffrey Steven Pratt.  *See* D.E. 68.  District Judge Van Tatenhove imposed a judgment against Defendant on January 11, 2012, following his guilty plea to possession with the intent to distribute oxycodone.  D.E. 47 at 1.  Defendant was originally sentenced to fifty-seven months of imprisonment and a three-year term of supervised release.  *Id.* at 2–3.

On February 20, 2015, Defendant began service of his term of supervision.  In March 2017, Defendant's supervised release was revoked due to his use and possession of a controlled substance (marijuana).  *See* D.E. 67.  At that time, Defendant was sentenced to nine months of imprisonment to be followed by a two-year term of supervised release.  *Id.* at 2–3.  Defendant again began service of his term of supervision in September 2017, and his term is scheduled to expire in September 2019.  Defendant is supervised through the United States Probation Office ("USPO") in Pikeville, Kentucky.

I.

On October 2, 2018, the USPO issued a Supervised Release Violation Report ("the Report") charging Defendant with two violations of his release conditions.  The USPO then secured a warrant from Judge Van Tatenhove the following day.  *See* D.E. 68; D.E. 69.

As background for Defendant's present charged violations, the Report alleges that, on October 1, 2018, Defendant provided a urine specimen that tested positive via instant testing device for amphetamine and methamphetamine.  Defendant admitted to his probation officer to ingesting Adipex and methamphetamine and signed a Positive Urinalysis Admission Report detailing his use.  Notably, Defendant does not have a prescription for amphetamine.

Based on this conduct, the Report first alleges that Defendant violated the condition of his supervised release that states: "You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court."  This conduct would constitute a Grade C violation.  *See* U.S.S.G. § 7B1.1(a)(2).

Next, the Report alleges that Defendant violated the condition of his supervised release that states: "The defendant shall not commit another federal, state or local crime."  Here, the Report states that amphetamine and methamphetamine are Schedule II controlled substances and that, "[d]ue to the Sixth Circuit Court of Appeals' finding that use equals possession, and with Mr. Pratt's prior drug conviction, simple possession of amphetamine and methamphetamine constitutes conduct that would result in a violation of 21 U.S.C. 844(a), a Class E Felony."  This conduct would constitute a Grade B violation.  *See* U.S.S.G. § 7B1.1(a)(2).

II.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on February 26, 2019. D.E. 71. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention; Defendant requested release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

At the final hearing on March 8, 2019, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 73. Defendant waived a formal hearing and stipulated to the violations set forth in the Report. *Id.* The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that is, at worst, a Grade B violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2).

During the final hearing, the government argued that Defendant's supervised release should be revoked and that he should be sentenced to thirteen months of incarceration followed by twelve months of supervised release. Defense counsel, on the other hand, requested that, if the Court were inclined to recommend a sentence at the high end of the Guidelines, the Court recommend no additional term of supervised release be imposed. Defendant briefly addressed the

3

Court, explaining that he was caught in a moment of weakness when he used the drugs described in the Report.

### III.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction for possession with the intent to distribute oxycodone is a Class C felony. *See* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 3559(a). For a Class C felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a Grade C violation with respect to the first violation and as a Grade B violation with respect to the second violation. Given Defendant's criminal history category of III (the category at the time of his conviction in this District) and a Grade B violation, Defendant's range, under the Revocation Table of Chapter

7, is eight to fourteen months. *See* U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the range.

Importantly, Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant's release because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of 18 U.S.C. § 3583(g)(1). *See United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995); *see also United States v. Metcalf*, 292 F. App'x 447, 449 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection."). The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court was "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). Nothing in the record supports application of the exception.

IV.

The Court has reviewed the entire record, including the Report and its accompanying documents, Defendant's underlying judgment and sentencing materials, and the materials related to his prior revocation. The Court has also considered all of the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis. Likewise, counsel for the parties addressed the statutory factors at the final hearing. Through its consideration, the Court will recommend that Defendant's

supervision be revoked and that he be sentenced to twelve months and a day of imprisonment followed by one year of supervised release.

First, concerning the nature and circumstances of the underlying offense, Defendant pled guilty to possession with the intent to distribute oxycodone. The Court observes that Defendant was involved with other individuals in a dangerous plan to traffic in controlled substances. By associating with individuals who use or deal illegal substances, Defendant risks committing additional criminal conduct and continuing to make poor decisions.

The Court next considers Defendant's history and characteristics. Here, the Court observes several mitigating factors. First, the personal tragedies that Defendant suffered decades ago continue to cast a long shadow over his life. Second, Defendant has been diagnosed with serious medical issues, for which he needs treatment. However, rather than seek appropriate professional medical care, Defendant has attempted to self-medicate. Indeed, self-medication is a recurrent theme in Defendant's history, and he must learn that such conduct is dangerous, especially with a substance as toxic as methamphetamine.

The need to deter criminal conduct, both for Defendant and society, and the need to protect the public from further crimes also influence the Court's recommended sentence because Defendant has admitted to illegally using drugs. By attempting to self-medicate using substances for which he was not prescribed or that are illegal, Defendant commits additional criminal conduct, which poses a risk to the public.

Similarly, the Court must consider whether Defendant needs any education, training, or treatment. On this record, it is apparent that Defendant needs treatment for his medical issues, substance abuse, and mental health. Thus, the Court will recommend that, as an additional

condition of his supervision, Defendant be referred for an evaluation for substance-abuse and mental-health treatment following his release from the custody of the Bureau of Prisons ("BOP").

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is most often addressed by a recommended sentence within the Guidelines range, which the Court must also consider. In this case, the Court believes a sentence within the advisory Guidelines range is appropriate. The Court's recommended term of imprisonment is twelve months and one day. This amount of time will give Defendant the opportunity to earn good-time credit for a potential earlier release.

Further, the Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Defendant has breached the Court's trust. Indeed, this is not the first time he has been before the Court facing revocation, and his attempts at self-medication are more serious than they were at his prior revocation. Surely, methamphetamine is much more dangerous than marijuana, and Defendant must learn to seek help through the appropriate avenues, including through the probation office. Additionally, although Defendant was more honest with his probation officer about his illegal use of drugs on this occasion, that admission is counterbalanced by the difficulty the probation office has experienced in supervising Defendant.

Finally, in fashioning its recommended sentence, the Court must consider whether an additional term of supervised release is warranted. Here, although there is no maximum amount of supervision that the Court could reimpose, see 18 U.S.C. § 3583(h) and 21 U.S.C. §

841(b)(1)(C), the undersigned will recommend that an additional year of supervised release be imposed upon Defendant following his release from BOP custody. And, as discussed above, the Court will recommend that, as a condition of Defendant's supervision, he be evaluated for substance-abuse and mental-health treatment.

V.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

(1) That Defendant be found guilty of the violations;

(2) Revocation and imprisonment for a term of twelve months and one day; and

(3) One year of supervised release under the conditions contained in Defendant's prior revocation judgment (D.E. 67), with the added condition that, upon his release, Defendant be evaluated for suitable drug-abuse and mental-health treatment.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. D.E. 73. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court

and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

     This the 13th day of March, 2019.

Signed By:

*Hanly A. Ingram*

**United States Magistrate Judge**