UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 6:11-cr-28-GFVT-HAI-1 |
| V. | ) | |
| JEFFERY STEVEN PRATT, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition [R. 74] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Jeffery Steven Pratt, is charged with two violations of his supervised release conditions. *Id.* at 2. The two violations allege that he unlawfully used a controlled substance and that he committed "another federal, state, or local crime." *Id.* Judgment was originally entered against the Defendant in January 11, 2012, after Mr. Pratt was found guilty on one count possession with the intent to distribute oxycodone. *Id.* at 1. He was originally sentenced to 57 months followed by a three-year term of supervised release. *Id.* Mr. Pratt began his term of supervised release on February 20, 2015. *Id.*

In March 2017, the Defendant had his supervised release revoked for the first time after he was found guilty of using and possessing marijuana. *Id.* at 1. This resulted in the Defendant being sentenced to nine months of imprisonment and two-years of supervised release. *Id.*

In September 2017, Pratt was again released and began his additional term of supervision.

On October 2, 2018, the United States Probation Office issued a Supervised Release Violation Report which initiated these proceedings. *Id*. This report alleged two violations. *Id.*

The Report first complains that Mr. Pratt unlawfully used a controlled substance. *Id.* at 2. As the basis for this violation, the Report alleges that the Defendant provided a urine sample that tested positive for amphetamine and methamphetamine. *Id.* Mr. Pratt confessed to his probation officer that he took Adipex and methamphetamine. *Id.* Mr. Pratt does not have a prescription for amphetamines. *Id.* This conduct would constitute a Grade B violation. *Id.*

The Report goes on to allege that Mr. Pratt positive drug test and confession have triggered a violation of his agreement "not [to] commit another federal, state or local crime." *Id.* Because of Mr. Pratt's prior drug conviction, use is the same as possession. Therefore, his confession and positive drug test would be a Class E Felony. *Id.* This conduct constitutes a Grade C violation. *Id.*

At the final revocation hearing, held on March 8, 2019, Mr. Pratt competently entered a knowing, voluntary, and intelligent stipulation to all violations that had been charged by the USPO in the Supervised Release Violation Report. [R. 74.] On March 13, 2019, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Mr. Pratt's supervised release and a term of twelve months and one day of imprisonment with a one-year term of supervised release. *Id.* at 8.

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence. *Id.* at 5. Mr. Pratt's use of drugs is linked closely with the circumstances of his underlying offense. *Id.* at 6. His continued association with individuals who use or deal in illegal substances puts him at risk of making poor choices and additional criminal conduct. *Id.*

Mr. Pratt has suffered personal tragedy and that remains a mitigating factor. *Id.* He also suffers from serious medical issues. *Id.* But rather than seek appropriate professional treatment, he continues to use drugs to self-medicate. *Id.* The Court needs to deter such criminal conduct because it puts both Mr. Pratt and the community at risk. *Id.*

Mr. Pratt's self-medication is also why this Court recommends that Mr. Pratt be referred for an evaluation for substance-abuse and mental-health treatment after he is released from the custody of the Bureau of Prisons. *Id.* At 7.

Finally, Mr. Pratt's violations are also a serious breach of the Court's trust. The Defendant has been revoked before and this violation is more serious than his last. Mr. Pratt needs to follow the rules imposed by his supervision.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. *Id*. at 9. *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Pratt submitted a waiver of allocution. [R. 75.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.	The Recommended Disposition [**R. 74**] as to Defendant Jeffery Steven Pratt is **ADOPTED** as and for the Opinion of the Court;

2.	Defendant Pratt is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3.	Pratt's Supervised Release is **REVOKED**;

4.	Mr. Pratt is **SENTENCED** to the Custody of the Bureau of Prisons for a term of twelve months and one day of imprisonment:

6.	A one-year term of supervised release under the same conditions originally imposed in the prior revocation judgment [R. 67] along with the added condition that, upon his release, Mr. Pratt must be evaluated for suitable drug-abuse and mental-health treatment.

This the 15th day of April, 2019.

Gregory F. Van Tatenhove
United States District Judge