UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Crim. No. 6:11-cr-00028-GFVT-HAI-1 |
| V. | ) ) | |
| JEFFREY STEVEN PRATT, | ) ) | **MEMORANDUM OPINION** |
| Defendant. | ) ) ) | **& ORDER** |

*** *** *** ***

This matter is before the Court on Defendant Jeffrey Steven Pratt's *pro se* Motion for Compassionate Release made pursuant to the First Step Act. [R. 93.] On January 11, 2012, Mr. Pratt pled guilty to possession with the intent to distribute oxycodone. [R. 47.] This Court sentenced him to fifty-seven months incarceration followed by three years of supervised release. [*Id.*] Mr. Pratt began his initial term of supervised release on February 20, 2015. [R. 89 at 1.]

In March 2017, Mr. Pratt's supervised release was revoked for the first time after he was found guilty of two violations stemming from his use and possession of marijuana. [*Id.*; R. 66 at 4–5.] As a result of these violations, Mr. Pratt was sentenced to nine-months imprisonment, followed by a two-year term of supervised release. [R. 66 at 5.] Mr. Pratt was released in September 2017 and began his additional term of supervision. [R. 89 at 1.]

Mr. Pratt's supervised release was revoked for a second time in April 2019. [*Id.*] On that occasion, Mr. Pratt was found guilty of two violations after testing positive for amphetamine and methamphetamine. [*Id.*; R. 76 at 4.] As a result, Mr. Pratt was sentenced to twelve-months-and-one-day imprisonment, followed by a one-year term of supervised release. [R. 76 at 4.] Mr. Pratt was released in December 2019 and began his second term of supervision. [R. 89 at 1–2.]

On September 11, 2020, this Court revoked Mr. Pratt's supervised release once again when Mr. Pratt failed to comply with his probation officer. [R. 91.] Mr. Pratt was sentenced to a term of eleven-months imprisonment. [*Id.*] On November 24, 2020, Mr. Pratt filed a motion for compassionate release under 18 U.S.C. 3582(c)(1)(A), citing the ongoing COVID-19 pandemic and his underlying medical conditions. [R. 93.] The United States opposes the motion, arguing Mr. Pratt has failed to exhaust his administrative remedies and that his motion fails on substantive grounds. [*See* R. 95.]

A compassionate release reduction must be sought first through the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). The First Step Act of 2018 altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for such a reduction, whereas previously only the Bureau of Prisons could do so. Pub. L. No. 115-391, § 603(b)(1). But a defendant must first demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In this case, Mr. Pratt has failed to demonstrate that he has exhausted the available administrative remedies.

Mr. Pratt asserts that, since he was in the custody of the United States Marshal service at the time of his motion, he had "no warden with which to 'fully exhaust all administrative rights,' and he need not exhaust." [R. 93 at 2.] While Mr. Pratt's well-pleaded motion raises an interesting question of law,[1] the issue is moot in this case and the Court need not address the merits of Mr. Pratt's exhaustion argument. Since the filing of Mr. Pratt's motion, he has been transferred to USP McCreary in Pine Knot, Kentucky. *See* United States Bureau of Prisons,

---

[1] *See United States v. Coslow*, No. 3:16-cr-136-CRS, 2020 WL 2499592, at *1–2 (W.D. Ky. May 14, 2020*); see also United States v. Lebanion*, No. 6:12-26-KKC-HAI-04, 2020 WL 4809433, at *2 (E.D. Ky. Aug. 18, 2020).

*Inmate Locater* (last accessed Dec. 18, 2020), https://www.bop.gov/inmateloc/. Consequently, Mr. Pratt will have the opportunity to exhaust his administrative remedies within the Bureau of Prisons.

In sum, because Mr. Pratt has not yet requested release through USP McCreary's Warden, he has failed to exhaust his administrative rights. The mandatory condition is not met and the Court cannot grant him relief. *See United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020). Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant Jeffrey Steven Pratt's Motion for Compassionate Release **[R. 93]** is **DENIED WITHOUT PREJUDICE**.

This is the 18th day of December, 2020.

Gregory F. Van Tatenhove
United States District Judge